**In re the Petition for DISCIPLINARY ACTION AGAINST Loren M. BARTA, an Attorney at Law of the State of Minnesota.**

No. C5–89–149.

Supreme Court of Minnesota.

Oct. 20, 1992.

ORDER

In an order dated October 19, 1990, this court indefinitely suspended Loren M. Barta from the practice of law for filing false tax returns, trust account violations and misappropriation of client funds. In that order, this court held that Barta could apply for reinstatement upon successfully completing the criminal probation imposed for his federal tax law violations, and upon showing that he had satisfied numerous other conditions imposed by this court. On December 9, 1991, Barta served and filed his petition for reinstatement in this matter. Thereafter, the Director of the Office of Lawyers Professional Responsibility commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility.

This matter came on for hearing before a Panel of the Lawyers Professional Respon-sibility Board on August 10, 1992. On October 13, 1992, the Panel filed its Find-ings of Fact, Conclusions of Law and Rec-ommendation in this matter in which the Panel concluded, among other things, that Barta has undergone a sufficient moral change to be reinstated to the practice of law. The Panel recommended that this court reinstate Barta and place him on su-pervised probation subject to certain re-strictions. On October 19, 1992, the Di-rector filed a stipulation with this court in which Barta and the Director waive their rights to further proceedings and join in the Panel's recommendation that this court reinstate Barta and place him on super-vised probation.

In consideration of the Director's Report and Conclusions of Investigation, the Pan-el's Findings of Fact, Conclusions of Law and Recommendation, the stipulation of the parties, and the filings and record herein, IT IS HEREBY ORDERED:

1. That Loren M. Barta hereby is rein-stated to the practice of law, effective im-mediately.

2. That Barta hereby is placed on pro-bation for a period of 2 years from the date of this order, or until such time as he has met all of the conditions of his probation stated herein, whichever is longer.

3. That Barta's probation shall be sub-ject to the following conditions:

a. During the period of his probation, Barta shall abstain from the use of alcohol and mood-altering substances except under a doctor's prescription.

b. Barta shall retain a certified or li-censed public accountant, acceptable to the Director, to perform all bookkeeping and accounting functions associated with his law practice, to assist him in timely filing all state and federal tax returns, and to maintain all books and records in compli-ance with all applicable professional rules and regulations, including the regulations relating to interest on lawyers' trust ac-counts.

c. Barta shall timely file all state and federal tax returns.

d. Barta shall cooperate fully with the Minnesota Department of Revenue and the Internal Revenue Service in an attempt to resolve his outstanding liabilities for past-due taxes. Barta shall use his best efforts to enter into payment agreements with both the Minnesota Department of Revenue and the Internal Revenue Service, and to commence making payments called for by those agreements, as soon as reasonably possible, but in any event not later than 2 years from the date of his reinstatement. Barta shall report to the Director, at such time as the Director reasonably may request, regarding his efforts to reach such payment agreements.

e. Barta shall make timely restitution to the IOLTA fund of the $247.35 in interest due and owing by him.

f. Barta shall not practice as a sole practitioner during the period of his probation, but shall be associated with another attorney duly licensed to practice law in the state of Minnesota during the entire period of his probation.

g. During the first 12 months of his probation, Barta shall be supervised by an attorney who is licensed to practice law in the state of Minnesota and who is acceptable to the Director.

h. During the entire period of his probation, Barta shall not be the signatory on any trust account for client funds. The authorized signatory on such account shall be Barta's supervising attorney or any other attorney in good standing in the state of Minnesota with whom Barta is then associated.